PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEVIN DAMION CRICHLOW,

                Plaintiff,                        **DECISION AND ORDER**

             v.                            17-CV-6351 EAW

ANTHONY ANNUCCI, *et al*.,

                Defendants.
_____

       *Pro se* plaintiff Kevin Damion Crichlow ("Plaintiff"), an inmate confined at the Five Points Correctional Facility ("Five Points") filed this action seeking relief under 42 U.S.C. § 1983 based on alleged violations of his constitutional and federal rights by prison officials. (Dkt. 1). Plaintiff submitted a motion for leave to proceed *in forma pauperis*, which the Court granted. (Dkt. 10). The Court also directed Plaintiff to amend his pleadings in a manner that conformed with Rules 8 and 10 of the Federal Rules of Civil Procedure. (*Id*.). Plaintiff thereafter filed an Amended Complaint. (Dkt. 18).

       For the reasons stated below, the Court now *sua sponte* revokes Plaintiff's *in forma pauperis* status. This action will be dismissed without prejudice unless Plaintiff pays the filing and administrative fees ($400.00 total) within 30 days of entry of this Order.

## DISCUSSION

### I.   *In Forma Pauperis* Status and the "Three-Strikes" Rule

       Because Plaintiff is a prisoner, this action is governed by 28 U.S.C. § 1915. Pursuant to § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Where a plaintiff is granted leave to proceed as a poor person but has violated § 1915(g)'s three-strikes rule, a court may *sua sponte* revoke the plaintiff's *in forma pauperis* status. *See Abreu v. Brown*, 317 F. Supp. 3d 702, 706-07 (W.D.N.Y. 2018). "The district court may rely on the relevant docket sheets if they indicate with sufficient clarity that the prior suits were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted." *Harris v. City of N.Y.*, 607 F.3d 18, 23-24 (2d Cir. 2010); *see, e.g., Mason v. Nitti-Richmond,* No. 09 Civ. 7307(JGK), 2010 WL 2595108, at *1 (S.D.N.Y. June 25, 2010) ("In the context of motions to revoke IFP status, district courts routinely take judicial notice of docket sheets in order to resolve the question of how many 'strikes' the plaintiff may have for purposes of § 1915(g).").

## II.    Revocation of *In Forma Pauperis* Status

On January 7, 2019, this Court *sua sponte* revoked Plaintiff's *in forma pauperis* status in two unrelated pending actions on the ground that he had the following four prior actions dismissed for being frivolous, malicious, or failing to state a claim:

> (1) *Crichlow v. Butchen*, No. 1:09-CV-4398-ARR-LB, Dkt. 12 (E.D.N.Y. April 8, 2011) (dismissing complaint pursuant to 28 U.S.C. § 1915A following Plaintiff's failure to amend his pleadings to state a claim upon which relief could be granted);

(2) *Crichlow v. Fischer*, No. 1:11-cv-00883-KBF, Dkt. 28 (S.D.N.Y. Dec. 22, 2011) (dismissing complaint pursuant to 28 U.S.C. § 1915A following Plaintiff's failure to amend his pleadings to comply with the requirements of Fed. R. Civ. P. 8(a) despite having been given three opportunities to do so[1]);

(3) *Crichlow v. Fischer*, No. 12-1454, Dkt. 22 (2d Cir. Aug. 15, 2012) (dismissing Plaintiff's appeal because it "lack[ed] an arguable basis in law or fact");

(4) *Crichlow v. Crichlow*, No. 1:12-cv-08932-LAP, Dkt. 5 (S.D.N.Y. Feb. 21, 2013) (dismissing complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a cognizable claim).

*See Crichlow v. Fischer*, No. 6:15-cv-06252, Dkt. 299 (W.D.N.Y. January 7, 2019); *Crichlow v. Crowley*, No. 6:15-cv-06587, Dkt. 32 (W.D.N.Y. January 7, 2019). Each of these four strikes was accumulated prior to the commencement of the instant action.

In accordance with these findings, Plaintiff can maintain his *in forma pauperis* status in the instant case only if he was in imminent danger of serious physical injury at the time this action was commenced. *See Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). "An imminent danger is not one that has dissipated by the time a complaint is filed; rather it must be one existing at the time the complaint is filed." *Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010) (internal quotation marks and citation omitted).[2]

---

[1]    "[D]ismissals following the repeated violation of Rule 8(a)'s 'short and plain statement' requirement, following leave to amend, are dismissals for failure to state a claim under § 1915(g)." *Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013); *see also Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011) ("[W]hen the plaintiff is told to amend his unintelligible complaint and fails to do so, the proper ground of dismissal is . . . failure to state a claim, one of the grounds in section 1915(g) for calling a strike against a prisoner plaintiff.").

[2]    Whether the "imminent danger" must exist at the time the initial complaint was filed or whether it can arise at the time the complaint is amended has not been expressly resolved by the Second Circuit. One district court has noted, however, that "at least some cases

Here, Plaintiff's allegations relate to events that occurred at the Wende Correctional Facility.  However, by the time Plaintiff commenced this action, he had been moved to the Five Points Correctional Facility, where he continues to be housed.  (*See* Dkt. 1-4).  The Court accordingly finds that even a liberal reading of the pleadings does not suggest in any way that Plaintiff was "under imminent danger of serious physical harm" within the meaning of § 1915(g) at the time he filed either the original Complaint or the Amended Complaint.  *See Abreu v. Travers*, No. 9:15-CV-0540 MAD, 2015 WL 10741194, at *7 (N.D.N.Y. Sept. 14, 2015) (collecting cases holding that transfer to a different facility demonstrates a lack of imminent danger based on conduct at previous facility).  Therefore, because Plaintiff incurred at least three prior strikes, and failed to allege the imminent danger of serious physical harm, he is prohibited from proceeding as a poor person in this case.  His *in forma pauperis* status is hereby revoked.  Plaintiff has 30 days to pay the $400.00 filing and administrative fees.

<u>**CONCLUSION**</u>

For the reasons stated above, the Court *sua sponte* finds that Plaintiff had accrued three strikes under 28 U.S.C. § 1915(g) prior to the commencement of this action.  Plaintiff's *in forma pauperis* status is therefore **REVOKED.**  **<u>Plaintiff has until 30 days from the entry of this Order to pay the $400.00 in filing fees</u>**.  If $400.00 is not paid by

---

have indicated that even when amended complaints are filed, the imminent danger must have existed at the time the initial complaint is filed." *Antrobus v. Dapecevic*, No. 17-CV-5840 (KMK), 2018 WL 3242272, at *4 (S.D.N.Y. July 3, 2018) (citing *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)).  Therefore, for the sake of completeness, the Court has also considered the allegations contained in Plaintiff's Amended Complaint while assessing whether the "imminent danger" exception applies.

that date, Plaintiff's claims shall be dismissed without prejudice, and the Clerk of Court shall terminate this action without further order of the Court.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States,* 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:        April 21, 2020
              Rochester, New York