UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEVIN DAMION CRICHLOW,

               Plaintiff,                                  **DECISION AND ORDER**

        v.                                          17-CV-6351 EAW

ANTHONY ANNUCCI, *et al*.,

               Defendants.
_____

*Pro se* plaintiff Kevin Damion Crichlow ("Plaintiff") filed this action seeking relief under 42 U.S.C. § 1983 based on alleged violations of his constitutional and federal rights by prison officials.  (Dkt. 1).  Plaintiff submitted a motion for leave to proceed *in forma pauperis* ("IFP"), which the Court granted.  (Dkt. 10).  The Court also directed Plaintiff to amend his pleadings in a manner that conformed with Rules 8 and 10 of the Federal Rules of Civil Procedure.  (*Id.*).  Plaintiff thereafter filed an Amended Complaint.  (Dkt. 18).

On April 21, 2020, the Court entered a Decision and Order *sua sponte* revoking Plaintiff's IFP status on the basis that he had accumulated "three strikes" under 28 U.S.C. § 1915(g) and was further not in imminent danger of serious physical injury at the time the action was commenced.  (Dkt. 21) (the "Revocation Decision").  Plaintiff was ordered to pay the filing fee within 30 days of entry of the Revocation Decision, but that deadline was subsequently extended to July 31, 2020, at Plaintiff's request.  (Dkt. 20; Dkt. 20; Dkt. 21).

On July 15, 2020, Plaintiff moved for reconsideration of the Revocation Decision. (Dkt. 22).  Plaintiff contends that he does not have three strikes and that he is in imminent danger of serious physical injury.  (*Id.*).

Plaintiff has not demonstrated that reconsideration of the Revocation Decision is warranted.  In the Revocation Decision, the Court identified the following four strikes under § 1915(g):

 (1) *Crichlow v. Butchen*, No. 1:09-CV-4398-ARR-LB, Dkt. 12 (E.D.N.Y. April 8, 2011) (dismissing complaint pursuant to 28 U.S.C. § 1915A following Plaintiff's failure to amend his pleadings to state a claim upon which relief could be granted);

(2) *Crichlow v. Fischer*, No. 1:11-cv-00883-KBF, Dkt. 28 (S.D.N.Y. Dec. 22, 2011) (dismissing complaint pursuant to 28 U.S.C. § 1915A following Plaintiff's failure to amend his pleadings to comply with the requirements of Fed. R. Civ. P. 8(a) despite having been given three opportunities to do so[1]);

(3) *Crichlow v. Fischer*, No. 12-1454, Dkt. 22 (2d Cir. Aug. 15, 2012) (dismissing Plaintiff's appeal because it "lack[ed] an arguable basis in law or fact");

(4) *Crichlow v. Crichlow*, No. 1:12-cv-08932-LAP, Dkt. 5 (S.D.N.Y. Feb. 21, 2013) (dismissing complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a cognizable claim).

(Dkt. 19 at 2-3).  Plaintiff has submitted to the Court a decision issued in an action he is litigating in the United States District Court for the Southern District of New York wherein

---

[1]     "[D]ismissals following the repeated violation of Rule 8(a)'s 'short and plain statement' requirement, following leave to amend, are dismissals for failure to state a claim under § 1915(g)." *Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013); *see also Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011) ("[W]hen the plaintiff is told to amend his unintelligible complaint and fails to do so, the proper ground of dismissal is . . . failure to state a claim, one of the grounds in section 1915(g) for calling a strike against a prisoner plaintiff.").

another district judge determined that the first of these actions, *Butchen*, does not constitute a strike because the dismissal was only partially based on § 1915(g) grounds.  *See Crichlow v. Annucci*, No. 7:18-cv-03222 PMH, Dkt. 71 (S.D.N.Y. June 11, 2020).[2]

The Court notes initially that it respectfully disagrees with the Southern District decision cited by Plaintiff.  *See JPMorgan Chase Bank v. Cook*, 322 F. Supp. 2d 353, 355 (S.D.N.Y. 2004) (explaining that decisions by other district judges do not constitute controlling authority and are generally insufficient to warrant reconsideration).  The Southern District decision states that *Butchen* was partially dismissed for failure to state a claim "and later dismissed for failure to prosecute with respect to Plaintiff's failure to submit an amended complaint within the time allowed."  *Id.* at 3.  That is not what the docket in *Butchen* reflects.  The Order and Civil Judgment closing the *Butchen* case makes no mention of failure to prosecute, but states that the case has been dismissed pursuant to 28 U.S.C. § 1915A(b).  *Crichlow v. Butchen*, No. 1:09-CV-4398-ARR-LB, Dkt. 12 at 3 (E.D.N.Y. April 8, 2011).  That statutory provision permits dismissal of a complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b)(1)-(2).  Accordingly, this Court continues to be of the view that *Butchen* constitutes a strike under § 1915(g).

In any event, as noted above, the Court found in the Revocation Decision that Plaintiff has four strikes.  The Southern District decision cited by Plaintiff did not call into

---

[2]     The copy of this decision that Plaintiff attached to his motion for reconsideration is incomplete.  The Court has retrieved and reviewed a complete copy.

question the validity of any of the other strikes identified by this Court, nor has Plaintiff proffered any other argument to support his contention that he has not accumulated three strikes.  Accordingly, even assuming that *Butchen* is not properly considered a strike, the Court's conclusion that Plaintiff has three strikes still stands.

Further, Plaintiff has not demonstrated that he was in imminent danger of serious physical injury at the time this action was commenced.  In support of his motion for reconsideration, Plaintiff alleges that he was subjected to physical assaults and denials of medical treatment at the Five Points Correctional Facility in March and June of 2020.  (Dkt. 22 at 5-8).  However, these allegations have no relation to the claims asserted in this action, which are based on events that occurred at the Wende Correctional Facility.  "There must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint."  *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009).  More specifically, the claimed imminent danger of serious physical injury "must be fairly traceable to a violation of law alleged in the complaint."  *Id*.  That requirement is not satisfied by Plaintiff's new allegations of mistreatment at a different correctional facility years after the events detailed in the complaint.

For all these reasons, the Court denies Plaintiff's motion for reconsideration.  (Dkt. 22).  The Court will afford Plaintiff a final opportunity to pay the filing fee in this matter.  **If Plaintiff does not pay the $400.00 filing fee on or before March 4, 2021, this action will be terminated without further action by the Court**.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:        February 4, 2021
              Rochester, New York